**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT PENNSYLVANIA**

| | |
|---|---|
| MATTHEW RUSESKI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| SALLIE MAE, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S COMPLAINT**

Plaintiff, MATTHEW RUSESKI ("Plaintiff"), through his attorney, The Law Firm of Michael Alan Siddons, Esquire, alleges the following against Defendant, SALLIE MAE. ("Defendant"):

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act *15 U.S.C. 1692, et seq*. ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. §1331 and 15 U.S.C. §1692k (FDCPA).

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

**PARTIES**

5. Plaintiff is a natural person residing at Coraopolis, Allegheny County, Pennsylvania.

1

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3).

7. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6).

9. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a national collection agency with a business office in Newark, Delaware.

11. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

12. When an unpaid, outstanding account is placed with Defendant it is assigned a reference number.

13. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

14. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

15. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

16. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

17. Defendant is attempting to collect an alleged debt from Plaintiff.

18. Plaintiff's alleged debt arises from transactions for personal, family, and household purposes.

19. Within the past year, Defendant has called Plaintiff more than seven times within seven consecutive days.

20. On or about October 26, 2023, Defendant began calling Plaintiff on Plaintiff's telephone number at 570-396-1033.

21. Defendant calls Plaintiff from 302-206-5459, 317-489-5516, 302-391-8101, and 317-602-1033, which are four of Defendant's telephone numbers.

22. In or around October 2023, Plaintiff answered one of Defendant's collection calls and spoke with one of Defendant collectors.

23. During the aforementioned conversation, Plaintiff told Defendant to stop calling him.

24. Despite Plaintiff's request, Defendant continued to place collection calls to Plaintiff's home telephone.

25. On or about November 21, 2023, Defendant left the following voicemail for Plaintiff:

   a) "Hello, this is an important and time sensitive message for Matthew Riki and my name is Ashley. My employee ID code is E 8 1 5 8 9 and I'm your account manager calling from Sallie Mae's corporate office. I have made several attempts to contact you over the last couple of weeks with no response. You should have also received correspondence detailing your account and the importance of the matter so please respond promptly about receiving this message. I will be in the office today until 5 p.m. Eastern Standard time. You can reach me at 844-559-1334. Again, that is 844-559-1334. Thank you for choosing Sallie Mae and I look forward to hearing from you soon. Have a good day…"

26. On or about November 27, 2023, Defendant left the following voicemail for Plaintiff:

   a) "Hello, this is Kelly Lake from Sallie Mae, calling about an important business matter. Access important information please log into Salliemae.com or if you would like to speak with a representative you can reach us at 877-312-9089 during the hours of 8am to 9pm, Monday through Friday, Eastern time. Sallie Mae is located at 300 Continental Drive, Newark, DE 19713. Thank you…"

27. The above-mentioned voicemail messages are not limited content messages.

3

28. Defendant is or should be familiar with the FDCPA.

29. Defendant knows or should know that the FDCPA requires a debt collector to disclose that the communication is an attempt to collect a debt when communicating with a consumer.

30. Defendant texted Plaintiff the following text messages:

    a) "Sallie Mae Alert: Your account is past due. Please call us at 833-383-1002 to discuss available repayment options. Reply STOP to unsubscribe."

31. Defendant is or should be familiar with the FDCPA.

32. Defendant knows or should know that the FDCPA requires a debt collector to disclose that the communication is an attempt to collect a debt when communicating with a consumer.

33. Between October 26, 2023, and November 30, 2023, Defendant called Plaintiff approximately forty (40) times, left Plaintiff approximately eighteen (18) voicemails, and texted Plaintiff approximately eight (8) times.

34. The natural consequences of Defendant's actions were to unjustly condemn and vilify Plaintiff for his non-payment of the debt he allegedly owes.

35. The natural consequences of Defendant's statements and actions were to cause Plaintiff mental distress.

36. Defendant engaged in the foregoing conduct with intent to annoy, abuse, or harass Plaintiff.

37. Defendant's actions constitute an invasion of Plaintiff's individual privacy and Plaintiff has suffered a concrete and particularized injury to his legally protected interest of his individual privacy.

38. Defendant's above-referenced conduct further affected Plaintiff in a personal and individualized way by causing Plaintiff to experience anger, stress, worry, frustration, embarrassment, and mental distress.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

39. Defendant violated the FDCPA based on the following:

   a. Defendant violated §1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt when Defendant continued to place collection calls to Plaintiff after Plaintiff requested Defendant stop calling him and when Defendant called Plaintiff more than seven times within seven days;

   b. Defendant violated §1692d(5) of the FDCPA by causing the telephone to ring repeatedly or continuously with intent to annoy, abuse, or harass any person when Defendant continued to place collection calls to Plaintiff after Plaintiff requested Defendant stop calling him and when Defendant called Plaintiff more than seven times within seven days;

   c. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant engaged in at least the following discrete violations of § 1692e;

   d. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, when Defendant created the false impression on Plaintiff that Defendant was permitted to call Plaintiff with impunity despite Plaintiff's request for Defendant to stop calling her;

e. Defendant violated § 1692e(11) of the FDCPA by failing to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and failing to disclose in subsequent communications that the communication is from a debt collector, when Defendant failed to state in the voicemails that Defendant was attempting to collect a debt;

f. Defendant violated section 1006.14 of Regulation F (12 CFR 1006.14) by placing a telephone call to a particular person in connection with the collection of a particular debt within a period of seven consecutive days after having had a telephone conversation with the person in connection with the collection of such debt, when Defendant called Plaintiff around one time per day for a period of a month;

g. Defendant violated Regulation F of the FDCPA, 12 CFR 1006.6, by sending text messages to Plaintiff on Plaintiff's telephone without receiving directly from Plaintiff his prior consent to use the telephone number to communicate with him about the alleged debt; and

h. Defendant violated § 1692f of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt when Defendant engaged in the foregoing conduct.

WHEREFORE, Plaintiff, MATTHEW RUSESKI, respectfully requests judgment be entered against Defendant, SALLIE MAE, for the following:

40. Actual damages, to be determined at trial;

41. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

42. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k; and

43. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATE: October 15, 2024         By: /s/ Michael A. Siddons
                                                            Michael A. Siddons
                                                            Attorney #89018
                                                            The Law Firm of Michael Alan Siddons, Esquire
                                                            230 N. Monroe Street
                                                            PO Box 403
                                                            Media, PA 19063
                                                            Tel: 610-255-7500
                                                            msiddons@siddonslaw.com
                                                            Attorney for Plaintiff